UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:11-cv-00107-OWW-GBC (PC)<br><br>COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 21, 2011. (ECF No. 1.) No other parties have appeared.

Plaintiff's Complaint is now before this Court for screening. For the reasons set forth below, the Court finds that it fails to state a claim upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III.  SUMMARY OF COMPLAINT

Plaintiff alleges violations of his First Amendment right to access to the courts. Plaintiff names the following individuals as Defendants: James A. Yates, L. Mackin, L. Wilson, and P. Tuman.

Plaintiff alleges as follows: Plaintiff was scheduled for a custody visitation hearing on October 26, 2009.  On August 18, 2009, Plaintiff sent a GA-22 form to the prison litigation office asking how he should go about getting access to a telephone so that he

could attend the hearing by telephone. Plaintiff received a response from Defendant Wilson on August 20, 2009. Wilson stated that it was Plaintiff's responsibility to set up the court call and included instructions on how to set the call up using Court Call LLC. The memo was signed by Defendant Mackin. On September 7, 2009, Plaintiff wrote to Court Call following the instructions. Court Call responded on September 24, 2009 informing Plaintiff that the department where Plaintiff's hearing was being held did not utilize Court Call's services. On September 27, 2009, Plaintiff sent another request form to the litigation office relaying the information from Court Call. The litigation office did not respond, so Plaintiff sent a second request, which also received no response.

Plaintiff then spoke with his correctional counselor, Defendant Tuman, informing her of his upcoming hearing and asking if she could make arrangements for him to use a phone. She told him to talk to her about it later.

On October 12, 2009, Plaintiff gave a request form to the program office porter to slip under Defendant Tuman's door. Plaintiff again requested access to a phone and enclosed the letter from Court Call. These documents were lost in Tuman's office. On November 10, 2009, Tuman stated that she never received the documents or request.

On November 16, 2009, Plaintiff submitted a 602 grievance. Defendant Mackin denied the grievance at the informal level stating that he called Court Call and was told that Plaintiff never made contact with them. Plaintiff appealed his grievance and was interviewed by Mackin and Wilson at the first level. Plaintiff's appeal was denied at the first, second, and third levels.

Plaintiff seeks compensation and punitive damages.

//

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Access to Courts Claim

Plaintiff appears to be alleging that Defendants interfered with his access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

For backward-looking claim, Plaintiff must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 129 S.Ct. 1036 (2009)).

The first element requires that Plaintiff show he suffered an "actual injury" by being shut out of court. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts. Christopher, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). Id. at 417-18.

Plaintiff states that he was told how to go about setting up a court call. He tried to set up a court call using the information provided to him. He contacted Court Call and it informed them that their services were not available because of the location of Plaintiff's hearing. Plaintiff then requested help from the litigation office and his correctional counselor, all of which went unanswered. Because of this, Plaintiff was unable to gain access to a telephone and thus was unable to attend the hearing.

Plaintiff appears to be alleging that he was denied access to the courts when Defendants failed to respond to his requests. While Plaintiff adequately described what occurred prior to and after the hearing, he fails to describe in detail the action that he was prevented from pursuing and also fails to show how such action would not be frivolous. Thus, the Court dismisses this claim and will grant Plaintiff leave to amend this claim. In his amended complaint, Plaintiff must describe the underlying action and the consequences of not being able to telephonically appear for the hearing, among other

things.

## B. Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that Defendant Yates is liable for the conduct of his subordinates as he was not present or and did not participate in the complained of conduct as described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so

6

deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff does not mention the Defendant Yates in his statement of the case. Thus, Plaintiff has not alleged facts demonstrating that the supervisory Defendant personally acted to violate his rights. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual

7

matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incident involving the court call for the hearing scheduled October 26, 2009.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00107-OWW-GBC (PC); and

//

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   July 27, 2011

UNITED STATES MAGISTRATE JUDGE