# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-00107-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

**I.    PROCEDURAL HISTORY**

Plaintiff Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 21, 2011.  (ECF No. 1.)  The Court dismissed Plaintiff's original complaint, with leave to amend, for failure to state a claim.  (ECF No. 9.)  Plaintiff filed a First Amended Complaint on August 25, 2011.  (ECF No. 10.)  No other parties have appeared.

Plaintiff's First Amended Complaint is now before this Court for screening.  For the

reasons set forth below, the Court finds that it fails to state a claim upon which relief may be granted.

## II.     SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III.     SUMMARY OF COMPLAINT

Plaintiff alleges violations of his First Amendment right to access to the courts. Plaintiff names the following individuals as Defendants: James A. Yates, Matthew Cate,

Robert Trimble, Larry Mackin, L. Wilson, and P. Tuman.

Plaintiff alleges as follows: Plaintiff was scheduled to attend, via telephone, a hearing regarding his daughter on October 26, 2009. On August 18, 2009, Plaintiff sent a GA-22 form to the prison litigation office asking how he should go about getting access to a telephone so that he could attend the hearing telephonically. Plaintiff received a response from Defendant Wilson on August 20, 2009. Wilson stated that it was Plaintiff's responsibility to set up the court call and included instructions on how to set the call up using Court Call LLC. The memo was signed by Defendant Mackin. On September 7, 2009, Plaintiff wrote to Court Call following the instructions. Court Call responded on September 24, 2009 informing Plaintiff that the department where Plaintiff's hearing was being held did not utilize Court Call's services. On September 27, 2009, Plaintiff sent another request form to the litigation office relaying the information from Court Call. The litigation office did not respond, so Plaintiff sent a second request, which also received no response.

Plaintiff then spoke with his correctional counselor, Defendant Tuman, informing her of his upcoming hearing and asking if she could make arrangements for him to use a phone. She told him to talk to her about it later.

On October 12, 2009, Plaintiff gave a request form to the program office porter to slip under Defendant Tuman's door. Plaintiff again requested access to a phone and enclosed the letter from Court Call. These documents were lost in Tuman's office. On November 10, 2009, Tuman stated that she never received the documents or request.

On November 16, 2009, Plaintiff submitted a 602 grievance. Defendant Mackin denied the grievance at the informal level stating that he called Court Call and was told that

Plaintiff never made contact with them. Plaintiff appealed his grievance and was interviewed by Mackin and Wilson at the first level. Plaintiff's appeal was denied at the first, second, and third levels.

Plaintiff seeks compensation and punitive damages.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.    Access to Courts Claim

Plaintiff appears to be alleging that Defendants Wilson and Tuman interfered with his access to the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a challenge to the conditions of his confinement. Id. at 355.

"Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

Plaintiff alleges that due to Defendants' actions or inactions, he was prevented from appearing telephonically at a hearing in family court. This is not a challenge to Plaintiff's sentence or to his conditions of confinement. Accordingly, Plaintiff has failed to state an access to the courts claim.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his original complaint. His Amended Complaint contains additional facts, but no allegations that are materially different than those contained in his previous complaint. The Court was able to determine that Plaintiff's access to the courts claim failed as stated above. Because Plaintiff's Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend

### B.   Inmate Appeal Process

Plaintiff added a claim to his First Amended Complaint. He appears to be alleging that Defendants Yates, Mackin, and Wilson mishandled his grievance forms.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action.  Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard.  Because amendment of this claim would be futile, the Court recommends that this claim also be dismissed without leave to amend.

## V.	CONCLUSION AND RECOMMENDATION

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted.  Therefore, the Court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE for failure to state a claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(I).  Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:	August 31, 2011

UNITED STATES MAGISTRATE JUDGE