# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EMILIANO LOPEZ,

      Plaintiff,

   v.

JAMES A. YATES, et al.,

      Defendants.

_____/

CASE NO. 1:11-cv-00107-LJO-GBC (PC)

ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Docs. 10, 14, 23

THIRTY-DAY DEADLINE

## Screening Order

### I. Procedural History, Screening Requirement, and Standard

On January 21, 2011, Plaintiff Emiliano Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging denial of access to courts regarding child visitation and to challenge the $3,766.28 taken by child support from his retirement. Doc. 1.

On August 25, 2011, Plaintiff filed a first amended complaint. Doc. 10. On September 22, 2011, the Court dismissed Plaintiff's case, for failure to state a claim, since Plaintiff did not allege a denial of access to courts for a direct criminal appeal, habeas petition, or civil rights action, in accordance with *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Doc. 14. On September 26, 2011, the Ninth Circuit found that a prisoner could pursue a § 1983 access to courts claim for any case that has a reasonable basis in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011). On September 25, 2012, the Ninth Circuit reversed this Court's decision, noting that Plaintiff could bring a claim alleging denial of access to courts for a child custody and child support case, in

1   accordance with *Silva*. Doc. 23. The Ninth Circuit vacated and remanded for further proceedings.

2   *Id.* On October 18, 2012, the Ninth Circuit issued the formal mandate to this Court. Doc. 24.

3         The Court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

5   Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11        A complaint must contain "a short and plain statement of the claim showing that the pleader

12  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

13  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

14  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

15  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*

16  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted

17  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

18        While prisoners proceeding pro se in civil rights actions are still entitled to have their

19  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

20  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

21  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

22  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

23  sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,

24  572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

25  plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

26        Section 1983 provides a cause of action for the violation of constitutional or other federal

27  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

28  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); James A. Yates, Warden (retired); Robert Trimble, Acting Warden; Larry Mackin, Litigation Coordinator; L. Wilson, Litigation Coordinator Office Assistant; and P. Tuman, Correctional Counselor I. Am. Compl. at 1-3, 7, Doc. 10.

Plaintiff has been estranged from his daughter since his incarceration in August 2004. *Id.* at 5. In September 2004, Sheree Valdevizeo filed for child support. *Id.* Plaintiff had been communicating with his daughter until he was sent to prison in May 2005. *Id.* Plaintiff spent nine months in a prison reception center awaiting surgery. *Id.* His only avenue of communication was through the U.S. Postal mail. *Id.* Plaintiff never heard from his daughter or his daughter's mother during that time. *Id.* In January 2006, Plaintiff arrived at Pleasant Valley State Prison ("PVSP"), where he tried unsuccessfully to communicate with his daughter. *Id.* After many failed attempts, Plaintiff sought help to petition the court. *Id.* Plaintiff did not know how to file anything in the court and tried many times to petition the court, from 2007 until August 2009, when Plaintiff successfully filed for child visitation and modification of child support with the help of the family law facilitator. *Id.* The court set an order to show cause hearing for October 26, 2009. *Id.*

On August 18, 2009, Plaintiff submitted a CDCR form CA-22 request to the prison litigation office, inquiring how to obtain access to a telephone to attend his hearing telephonically. *Id.* On August 20, 2009, defendant L. Wilson replied to the request stating, "it is your responsibility to set up your court call." *Id.* at 6. Stapled to the request form was a memorandum signed by defendant L. Mackin, Litigation Coordinator, with instructions on how to set up a court call using Court Call, LLC. *Id.* On September 7, 2009, Plaintiff wrote a letter to Court Call, LLC following the instructions given to him by the litigation office. *Id.* On September 24, 2009, Court Call, LLC replied informing

Plaintiff that the department where his hearing is scheduled does not utilize the Court Call, LLC service. *Id.* On September 27, 2009, Plaintiff submitted a request form to the litigation office, informing them that Court Call, LLC is not able to facilitate a call in the department where Plaintiff's hearing is scheduled. *Id.* The litigation office never replied. *Id.* A second request was submitted, and there was no reply. *Id.*

Plaintiff sought the help of his correctional counselor, defendant P. Tuman. *Id.* Plaintiff approached her on the yard, told her about his upcoming court hearing, and if she could make arrangements to allow Plaintiff access to a telephone because the litigation office was not responding to his requests. *Id.* Her attitude was dismissive and told Plaintiff to approach her later. *Id.* On October 12, 2009, Plaintiff sent P. Tuman a request form to access a telephone to attend his hearing. *Id.* Plaintiff enclosed the letter from Court Call, LLC, that said they were unable to facilitate their services. *Id.* Plaintiff also wrote that the litigation office had not replied to any of his requests. *Id.* The request was slid under Tuman's door in the program office by Tony Pcheco, a porter. *Id.* These documents were lost in defendant Tuman's office. *Id.*

As a result of being ignored by the litigation office and correctional counselor P. Tuman, Plaintiff missed his order to show cause hearing, where he intended to inform the court that he has been deprived of a reasonable relationship with his daughter. *Id.* Plaintiff has not been able to see her, talk to her, or correspond with her. *Id.* Plaintiff did not even know she moved and was living in another town. *Id.* Plaintiff wanted to inform the court that his due process rights are being violated because no child custody hearing was ever held challenging Plaintiff's parental rights *Id.* Plaintiff was also challenging the $3,766.28 that child support took from Plaintiff's retirement account after two years of his incarceration. *Id.* On November 10, 2009, after Plaintiff missed his court date, defendant Truman replied to Plaintiff's request and stated she never received any documents. *Id.* at 7.

On November 16, 2009, Plaintiff submitted an inmate appeal, requesting damages and an apology letter to be sent to the court because the prison could not arrange access. *Id.* On November 20, 2009, the porter, Tony Pacheco, wrote a statement that Plaintiff did give him an envelope to slide under defendant Tuman's office door. *Id.* On January 28, 2010, defendant Mackin denied the appeal

at the informal level. *Id.* Mackin stated that he called Court Call, LLC and spoke with Yudit Lara, who informed Mackin that Plaintiff never made contact with Court Call, LLC. *Id.* On March 15, 2010, Mackin and Wilson interviewed Plaintiff for purposes of the appeal, and Mackin made derogatory comments that were humiliating and verbally abusive. *Id.* at 7, 9. Plaintiff said Court Call told him that the department where Plaintiff's hearing was scheduled did not utilize Court Call. *Id.* at 7-8. Mackin replied that this has never happened before. *Id.* at 8. Plaintiff said he was incorrectly informed by Yudit Lara, the Court Call prison contact. *Id.*[1] On March 31, 2010, Wilson denied Plaintiff's appeal at the first level of review, stating Plaintiff was seeking legal assistance from staff, in the form of setting up his court call. *Id.* Wilson manipulated the appeal process, citing the California Code of Regulations (CCR) and the Department Operations Manual (DOM) to state that employees are not to assist in preparation of legal documents and that Plaintiff did not show that Mackin acted contrary to regulation, policy, or law. *Id.* On May 17, 2010, James A. Yates, Warden, denied Plaintiff's appeal at the second level of review. *Id.* On September 30, 2010, Plaintiff's appeal was denied at the director's level of review, affirming Wilson's manipulated investigation. *Id.*

For relief, Plaintiff seeks damages against defendants Yates, Mackin, Wilson, and Tuman for using a private company to facilitate telephonic appearances, obstructing Plaintiff's access to family law courts to fight for visitation with his daughter and to challenge the $3,766.28 taken by child support from his retirement. *Id.*

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. First Amendment Right of Access to Courts, Supervisory Liability, and Linkage

### 1. Legal Standard

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust* , 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving inmate's right to litigate without <u>active interference</u>. *Silva*, 658 F.3d at 1102 (emphasis added). The

---

[1] In Plaintiff's first amended complaint, he reported that he initiated a separate lawsuit in state court against Court Call, LLC and Yudit Lara. *See* Am. Compl. at 2, Doc. 10.

right to <u>assistance</u> is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354 (emphasis added).

Prisoners have the right to pursue claims without active interference that have a reasonable basis in law or fact. *Silva*, 658 F.3d at 1103-04 ((finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference). Mere inconvenience to Plaintiff resulting from lost, misplaced, or confiscated legal documents will not suffice to support a constitutional claim. *Id.* at 1103-04. Inmates do not have the right to a law library or legal assistance. *Lewis*, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. *Id.* Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.*

Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff. *Silva*, 658 F.3d at 1103-04. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348, 351); *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Phillips*, 588 F.3d at 655.

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. *Iqbal*, 556 U.S. at 678; *Ewing*, 588 F.3d at 1235.

**2. Analysis**

Plaintiff fails to state a claim against any defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered <u>active interference</u> by defendants. *Silva*, 658 F.3d at 1103-04. Moreover, Plaintiff has not established that defendants' actions were the <u>proximate cause</u> of actual prejudice to Plaintiff. *Id.* Plaintiff alleges that he was unable to arrange a telephone conference for his child support and visitation hearing. Plaintiff makes the conclusory statement that the prison officials were at fault for the failure to arrange a telephone conference with Court Call, LLC. Plaintiff is not entitled to affirmative assistance in his child support and visitation case; Plaintiff is only entitled to be free from active interference. *Silva*, 658 F.3d at 1102; *Lewis*, 518 U.S. at 354. Plaintiff makes no allegations that defendants actively interfered with his attempts to set up a conference call. Plaintiff states he submitted forms and there were no responses to his requests, and that defendant Tuman misplaced his request documents. Plaintiff's allegations of possible negligence do not demonstrate any defendant was actively interfering with his attempts to litigate or that any defendant was the cause of his inability to make a conference call. In addition, Plaintiff has initiated a separate lawsuit against Court Call, LLC and its staff, alleging liability for his claim. Thus, it appears even Plaintiff concedes that defendants were not the proximate cause of his inability to set up a conference call. "In order to allege a cognizable claim, a plaintiff must plead, among other things, that prison officials caused his inability to access the courts. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) . . . Plaintiff cannot show that the CDCR proximately caused any denial of access he may have suffered." *See Diaz v. Prunty*, 407 Fed. Appx. 102, at *1 (9th Cir. 2010). Plaintiff has not alleged sufficient facts to support a claim that defendants were actively interfering or the proximate cause of any denial of access to courts.

Plaintiff also names Matthew Cate, Secretary of the CDCR; James A. Yates, Warden (retired); and Robert Trimble, Acting Warden. Plaintiff's allegations are insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Plaintiff fails to state a cognizable claim for relief under § 1983 against Matthew Cate,

Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); James A. Yates, Warden (retired); and Robert Trimble, Acting Warden, based upon supervisory liability.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon First Amendment right of access to courts.

**B. Inmate Appeals and Defendants Related to Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff seeks to impose liability on individuals related to the inmate appeals process including Matthew Cate, Secretary of the CDCR; James A. Yates, Warden (retired); Robert Trimble, Acting Warden; Larry Mackin, Litigation Coordinator; and L. Wilson, Litigation Coordinator Office Assistant. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). In Plaintiff's amended complaint, he states that defendants found

that Plaintiff did not contact Court Call. Although Plaintiff disagrees with this assessment and argues that the fault lies with Court Call, his allegations do not show that defendants willfully turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098. Plaintiff alleges that during the interview for Plaintiff's inmate appeal, Mackin made derogatory comments that were humiliating and verbally abusive. However, mere verbal harassment or abuse alone is not sufficient to state a claim under § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff's claims against Defendant Matthew Cate, Secretary, is even further attenuated as defendant Cate did not personally deny his appeals. A decision by a defendant's designee provides no basis for a claim as § 1983 does not permit respondeat superior liability. *Iqbal*, 556 U.S. at 676; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon inmate appeals and defendants related to the inmate appeals process.

## IV. Conclusion and Order

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file a second amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

//

1   Based on the foregoing, it is HEREBY ORDERED that:

2   1.   Plaintiff's first amended complaint is DISMISSED for failure to state a claim upon

3        which relief may be granted;

4   2.   The Clerk's Office shall send Plaintiff a complaint form;

5   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

6        **second amended complaint**; and

7   4.   If Plaintiff fails to file a second amended complaint in compliance with this order,

8        this action will be dismissed, with prejudice, for failure to state a claim.

9

10  IT IS SO ORDERED.

11

    Dated:   November 6, 2012

12                                           UNITED STATES MAGISTRATE JUDGE