# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00107-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

      On January 21, 2011, Plaintiff Emiliano Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging denial of access to courts regarding child visitation and to challenge the $3,766.28 taken by child support from his retirement. Doc. 1.

      On August 25, 2011, Plaintiff filed a first amended complaint. Doc. 10. On September 22, 2011, the Court dismissed Plaintiff's case, for failure to state a claim, since Plaintiff did not allege a denial of access to courts for a direct criminal appeal, habeas petition, or civil rights action, in accordance with *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Doc. 14. On September 26, 2011, the Ninth Circuit found that a prisoner could pursue a § 1983 access to courts claim for any case that has a reasonable basis in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011). On September 25, 2012, the Ninth Circuit reversed this Court's decision, noting that Plaintiff could bring a claim alleging denial of access to courts for a child custody and child support case, in accordance with *Silva*. Doc. 23. The Ninth Circuit vacated and remanded for further proceedings. *Id.* On October 18, 2012, the Ninth Circuit issued the formal mandate to this Court. Doc. 24.

      On November 6, 2012, the undersigned found that Plaintiff had not alleged sufficient facts which indicate that Plaintiff suffered <u>active interference</u> by defendants. *Silva*, 658 F.3d at 1103-04. Moreover, Plaintiff had not established that defendants' actions were the <u>proximate cause</u> of actual prejudice to Plaintiff. *Id.* The undersigned dismissed Plaintiff's first amended complaint for failure

1  to state a claim upon which relief may be granted and ordered Plaintiff to file a second amended
2  complaint within thirty days. 28 U.S.C. §§ 1915A and 1915(e). Doc. 25. To date, Plaintiff has not
3  complied with the Court's order or requested an extension of time.

4  "In determining whether to dismiss an action for lack of prosecution, the district court is
5  required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;
6  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
7  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
8  sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779
9  F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not
10 conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA)*
11 *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

12 In this instance, Plaintiff has not complied with or otherwise responded to the Court's orders.
13 As a result, there is no pleading on file that sets forth any claims upon which relief may be granted
14 under § 1983. Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the undersigned HEREBY
15 RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state
16 any claims upon which relief may be granted under § 1983 and for failure to prosecute.

17 These Findings and Recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days**
19 after being served with these Findings and Recommendations, Plaintiff may file written objections
20 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
21 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
22 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th
23 Cir. 1991).

25 IT IS SO ORDERED.

26
27 Dated: December 17, 2012                         UNITED STATES MAGISTRATE JUDGE
28