1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   EMILIANO LOPEZ,                              CASE NO. 1:11-cv-00107-LJO-GBC (PC)

10                      Plaintiff,              ORDER GRANTING PLAINTIFF'S MOTION
                                                FOR EXTENSION OF TIME TO FILE
11          v.                                  SECOND AMENDED COMPLAINT AND TO
                                                FILE OBJECTIONS TO FINDINGS AND
12   JAMES A. YATES, et al.,                    RECOMMENDATIONS

13                      Defendants.             Doc. 27

14   _____  /         THIRTY DAY DEADLINE

15

16          On January 21, 2011, Plaintiff Emiliano Lopez ("Plaintiff"), a state prisoner proceeding pro

17   se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging denial

18   of access to courts regarding child visitation and to challenge the $3,766.28 taken by child support

19   from his retirement. Doc. 1.

20          On August 25, 2011, Plaintiff filed a first amended complaint. Doc. 10. On September 22,

21   2011, the Court dismissed Plaintiff's case, for failure to state a claim, since Plaintiff did not allege

22   a denial of access to courts for a direct criminal appeal, habeas petition, or civil rights action, in

23   accordance with *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Doc. 14. On September 26, 2011, the

24   Ninth Circuit found that a prisoner could pursue a § 1983 access to courts claim for any case that has

25   a reasonable basis in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011). On

26   September 25, 2012, the Ninth Circuit reversed this Court's decision, noting that Plaintiff could

27   bring a claim alleging denial of access to courts for a child custody and child support case, in

28   accordance with *Silva*. Doc. 23. The Ninth Circuit vacated and remanded for further proceedings.

1   *Id.* On October 18, 2012, the Ninth Circuit issued the formal mandate to this Court. Doc. 24.

2       On November 6, 2012, the Court found that Plaintiff had not alleged sufficient facts which
3   indicate that Plaintiff suffered <u>active interference</u> by defendants. *Silva*, 658 F.3d at 1103-04
4   (emphasis added). Moreover, Plaintiff had not established that defendants' actions were the
5   <u>proximate cause</u> of actual prejudice to Plaintiff. *Id.* (emphasis added). The Court dismissed
6   Plaintiff's first amended complaint for failure to state a claim upon which relief may be granted and
7   ordered Plaintiff to file a second amended complaint within thirty days. 28 U.S.C. §§ 1915A and
8   1915(e). Doc. 25.

9       As of December 17, 2012, Plaintiff had not complied with the Court's order or requested an
10  extension of time. As a result, there was no pleading on file that set forth any claims upon which
11  relief may be granted under § 1983, and the undersigned issued findings and recommendations that
12  this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon
13  which relief may be granted under § 1983 and for failure to prosecute. Doc. 26. On December 26,
14  2012, Plaintiff filed a motion for extension of time to file a second amended complaint, stating he
15  failed to update his address with this Court. Doc. 27.

16      The Court HEREBY GRANTS Plaintiff's motion for extension of time to file a second
17  amended complaint. Plaintiff has **thirty (30) days** from the date of service of this order in which to
18  file a second amended complaint and to file objections to the findings and recommendations.

19

20  IT IS SO ORDERED.

21

22  Dated:    December 27, 2012

        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28