1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ, | ) 1:11cv00107 LJO DLB PC |
| | ) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| vs. | ) REGARDING DISMISSAL OF ACTION |
| | ) |
| JAMES A. YATES, et al., | ) **THIRTY-DAY DEADLINE** |
| | ) |
| Defendants. | ) |

Plaintiff Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 on January 21, 2011.

On July 27, 2011, the Court issued a screening order dismissing the complaint with leave to amend for failure to state a claim for which relief may be granted. Plaintiff filed a First Amended Complaint on August 25, 2011, and this action was subsequently dismissed for failure to state a claim.

On September 25, 2012, the Ninth Circuit vacated the dismissal and remanded the action to this Court. The Ninth Circuit explained that at the time this Court dismissed the action, it did not have the benefit of the decision in <u>Silva v. DiVittorio</u>, 658 F.3d 1090, 1102-04 (9th Cir. 2011), which prohibited active interference with claims having a reasonable basis in law or fact.

1

On November 6, 2012, the Court dismissed the First Amended Complaint with leave to amend. After receiving extensions of time, Plaintiff filed his Second Amended Complaint ("SAC") on February 26, 2013.

Plaintiff names Pleasant Valley State Prison ("PVSP") Warden James A. Yates, PVSP Litigation Coordinator Larry Mackin, PVSP Litigation Coordinator Assistant L. Wilson and PVSP Correctional Counselor P. Tuman as Defendants.[1]

## A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting

---

[1]  Plaintiff lists Defendant Matthew Cate in one section of the form complaint, but he does not include him in the caption or in the list of parties in the written portion of his complaint. There are no allegations against Defendant Cate in the SAC.

Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Avenal.  The events at issue occurred while Plaintiff was incarcerated at PVSP.

Plaintiff alleges that in August 2009, he successfully filed for child visitation and modification of child support.  An order to show cause hearing was set for October 26, 2009.  The hearing was related to his daughter, with whom he was unable to communicate after his arrival at PVSP in January 2006.  Plaintiff had been estranged from his daughter since August 2004, and in September 2004, Sheree Valdevizeo filed for child support.

On August 18, 2009, Plaintiff submitted a request to the Litigation Office for information on how to attend his hearing telephonically.  On August 20, 2009, Defendant Wilson responded and told Plaintiff that it was his responsibility to set up a Court Call.  The response also included

a memorandum, signed by Defendant Mackin, that included instructions on how to set up a Court Call through Court Call, LLC.

On September 7, 2009, Plaintiff followed the instructions and wrote a letter to Court Call. On September 24, 2009, Court Call responded and informed Plaintiff that the courtroom where his hearing was scheduled did not utilize Court Call services.

On September 27, 2009, Plaintiff submitted an inmate request form to the Litigation Office, informing the office that Court Call was unable to facilitate a call. The Litigation Office did not respond. Plaintiff submitted a second request and the Litigation Office again failed to respond.

Plaintiff then sought help from Defendant Tuman, his Correctional Counselor. Plaintiff approached Defendant Tuman on the yard and told her about his upcoming hearing. He asked if she could make arrangements to allow Plaintiff access to a telephone, and told her that the Litigation Office had not responded to his inmate requests. Plaintiff alleges that Defendant Tuman's attitude was dismissive and she told him to approach her later.

On October 21, 2009, Plaintiff sent Defendant Tuman a request form. Tony Pachco, a porter, slid the request under Defendant Tuman's office door. In the request, Plaintiff asked for access to a telephone for his hearing. Plaintiff also enclosed the letter from Court Call explaining that it did not provide services for the courtroom in question. The request also informed Defendant Tuman that the Litigation Office had failed to respond to his requests. Plaintiff alleges that the request and accompanying document were lost in Defendant Tuman's office.

Plaintiff contends that as a result of being ignored by the litigation office (Defendants Mackin and Wilson) and correctional counselor (Defendant Tuman), Plaintiff missed his court hearing. He alleges that during the hearing, he intended to inform the court that he had been

deprived of a meaningful relationship with his daughter, and that his due process rights had been violated during the child support action.

On October 26, 2009, the court decided to modify child support.  Plaintiff alleges that he was unable to exercise his parental rights to visitation as a result of Defendants' obstruction.

On November 16, 2009, Plaintiff submitted an administrative appeal and requested that a letter be sent to the court explaining that the prison was unable to arrange access to the court.  On January 28, 2010, Defendant Mackin denied the appeal at the informal level.  Defendant Mackin stated that he called Court Call and spoke with Yudit Lara, who informed him that Plaintiff never made contact with Court Call.

On February 4, 2010, Plaintiff submitted the appeal to the first level, arguing that Lara's statement was untrue.  On March 15, 2010, Defendant Mackin interviewed Plaintiff.  Defendant Wilson was present during the interview for training purposes.  Plaintiff alleges that Defendant Mackin asked Plaintiff why he deserved relief, and asked Plaintiff, "does the prison have a legal duty to wipe your ass or spoon feed you?"  Comp. 8.  Plaintiff alleges that Defendant Mackin continued using derogatory language for the next ten minutes.  Plaintiff gave Defendant Mackin a copy of the letter from Court Call and Defendant Mackin said that he had never seen a situation like this.

On March 31, 2010, Plaintiff received a written response from the first level review.  Defendant Wilson denied the appeal, stating that Plaintiff was seeking legal assistance from staff by asking them to assist in setting up a court call.

Defendant Yates denied Plaintiff's appeal at the second level, stating that the "claims made in this appeal have been proven false."  Compl. 9.

Plaintiff submitted his appeal to the director's level.  On September 30, 2010, the appeal was denied based on a finding that Plaintiff was seeking legal assistance from staff.

Based on these allegations, Plaintiff contends that Defendants directly interfered with his access to the court.

**C.      DISCUSSION**

1.      <u>Access to Courts</u>

Under the First and Fourteenth Amendments, Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011). This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons." <u>Id.</u> at 1102 (citations omitted). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). Actual injury includes the "inability to meet a filing deadline or to present a claim." <u>Nevada Dep't of Corr.</u>, 648 F.3d at 1018 (citing <u>Lewis</u>, 518 U.S. at 348). If Plaintiff demonstrates an actual injury, he must then shoe that Defendants' actions were the *proximate cause* of his injury. <u>Silva</u>, 658 F.3d at 1103-04.

Here, Plaintiff alleges that the inaction by Defendants violated his right to access the courts. As to Defendants Mackin, Wilson and Tuman, he contends that he missed his scheduled hearing because they ignored his numerous requests for help.

In the Court's prior screening order, the Court explained that Plaintiff's allegation that his requests for assistance were ignored failed to state a claim. Although Defendants allegedly did not respond to his requests for assistance, he did not establish that Defendants actively interfered with Plaintiff's ability to set up a conference call, or that any Defendant was the proximate cause of his inability to appear telephonically. Additionally, Plaintiff is not entitled to affirmative

1   assistance in child support and/or visitation proceedings, as such assistance is limited to direct

2   challenges to sentences and challenges to conditions of confinement.  <u>Silva</u>, 658 F.3d at 1102.

3       Plaintiff fails to correct this deficiency in his Second Amended Complaint.  His

4   allegations only suggest that his requests for assistance in setting up the telephonic appearance

5   were not answered.  He adds no new facts to demonstrate that Defendants actively interfered

6   with his attempts or otherwise prevented him from appearing, or that their failure to respond was

7   the proximate cause of his inability to appear at the hearing.  The alleged acts, or inactions, of

8   Defendants are not sufficient to state a claim under <u>Silva</u>.  Indeed, in <u>Silva</u>, the Ninth Circuit

9   found that plaintiff stated a claim where he alleged that defendants "repeatedly transferred Silva

10  between different prison facilities in order to hinder his ability to litigate his pending civil suits"

11  and "seized and withheld all of his legal files."  <u>Silva</u>, 658 F.3d at 1104.  Plaintiff's allegations

12  simply does not rise to the level of active interference.

13      Insofar as Plaintiff cites to Defendants' decisions during his administrative appeal as a

14  basis of liability, his claim fails.  Generally, denying a prisoner's administrative appeal does not

15  cause or contribute to the underlying violation.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir.

16  2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a

17  blind eye to constitutional violations being committed by subordinates, <u>Jett v. Penner</u>, 439 F.3d

18  1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in

19  reviewing an inmate appeal can be held liable under section 1983.

20      That circumstance has not been presented here.  Plaintiff alleges that Defendants

21  determined that he was improperly requesting legal assistance and/or that his claims were false.

22  Under either scenario, although Plaintiff may not agree with their findings, there is no evidence

23  that Defendants willfully "turn[ed] a blind eye" to ongoing constitutional violations.  Moreover,

24  Plaintiff has not stated a viable claim against any Defendant for denial of access to the courts.

25  Absent the presentation of facts sufficient to show that a constitutional violation occurred in the

first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of access.

Plaintiff is also unable cannot state a claim against Defendant Mackin based on his allegedly derogatory verbal comments.  Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. section 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, Plaintiff cannot state a claim against Defendant Yates based on supervisory liability.  Plaintiff alleges that Defendant Yates is responsible for the operation of PVSP, but liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

In his position as an administrator, Defendant Yates may only be held liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Some culpable action or inaction must be attributable to Defendant and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff fails to allege any facts that would support a claim against Defendant Yates based on his position as warden of PVSP.

**D.     FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court finds that Plaintiff has failed to state a claim against any Defendant.  Plaintiff has been afforded two opportunities to correct the deficiencies but has

failed to do so.  Accordingly, the Court recommends that this action BE DISMISSED WITHOUT LEAVE TO AMEND.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (internal quotation marks and citation omitted).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **October 17, 2013**                           /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE